FILED

DEC 22 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VILMA ESPERANZA CORDOVA
GARCIA; DONIS CARDONA,

Petitioners,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 08-74134

Agency Nos. A098-391-747
A098-177-773

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 11, 2009
Seattle, Washington

Before: BEEZER, GOULD, and TALLMAN, Circuit Judges.

The parties are familiar with the facts of the case so we do not repeat them

here. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and we deny the

petitions for review.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The petitions must be denied if the IJ and BIA determinations are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (citation and internal quotation marks omitted). In order to qualify for asylum or withholding of removal, a petitioner must demonstrate that a protected ground was, or will be, "at least one central reason" for his or her persecution. 8 U.S.C. § 1158(b)(1)(B)(i). In *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009), we interpreted the recently enacted REAL-ID Act of 2005 and held that in order to "demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts."

Here, as in *Parussimova*, "it is simply not clear whether [a protected ground], as opposed to one of the other possible motives evinced by the record, caused the assailant[] to initiate [the] attack or increase its severity once it had begun." *Id.* at 742. First, it is unclear who attacked Cordova. She referred to her attacker interchangeably as "a police officer" and "a delinquent gang member." Second, it is unclear from the record whether Cordova's purported whistleblowing led to the attack or whether, as the BIA concluded, the attack was motivated by a desire to obtain retribution for Cordova's husband's actions in foiling a bank robbery by shooting one of the robbers. As a result, substantial evidence supports

2

the BIA's determination that Cordova did not meet her burden to establish that a protected ground was, or will be, at least one central reason for her persecution.

Likewise, Cordova's United Nations Convention Against Torture claim fails because she has not sufficiently demonstrated that "prior to the activity constituting torture, [a public official] ha[d] awareness of such activity and thereafter breach[ed] his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7). Furthermore, the fact that Cordova lived safely in another part of Guatemala for a period of time after her attack provides "[e]vidence that the applicant could relocate to a part of the country of removal where . . . she is not likely to be tortured." 8 C.F.R. § 208.16(c)(3)(ii).

Finally, as Cordova's husband's petition is derivative of Cordova's, it fails as well.

Accordingly, the petitions for review are **DENIED**.